Dudley v. Bergen.

## DUDLEY vs. BERGEN and wife.

| 23 | 397 |
|----|-----|
| 50 | 636 |
| 50 | 755 |

1. When the cancellation of a mortgage is procured by fraud, or made by mistake, or without authority and without actual payment and satisfaction, the canceling will be set aside and the mortgage enforced.

2. In a foreclosure suit no claims or debts against the complainant can be set off against the mortgage debt, except such as have been expressly agreed to be payment.

Argued on final hearing, upon bill, answer, and proofs.

*Mr. Gummere*, for complainant.

*Mr. R. Allen*, for defendants.

THE·CHANCELLOR. ,

The defendants, Bergen and wife, on the 1st day of May, 1869, gave to the complainant a mortgage upon the lands of Mrs. Bergen, in Monmouth county, to secure $3600, an amount which Dudley had agreed by contracts endorsed on the notes of Bergen, to pay for Bergen in seven months from that date. The condition of the mortgage was the payment of $3600 in seven months from the date. These notes were paid by Dudley on the 6th of December, 1869, to the National Bank of Red Bank, which held them.

On the 10th of December, 1869, Dudley executed a satisfaction piece of the mortgage and delivered it with the bond to Bergen, the mortgage being in the office of the county clerk, where it had been left for record. The complainant alleges that this satisfaction piece was not given, because the mortgage was paid or satisfied, or for the purpose of discharging the land from ·the mortgage, but simply to enable· Bergen to give a new mortgage for $12,500, which he was· about to make upon the same premises, priority over the complainant's mortgage. The complainant alleges ànd insists that the satisfaction piece was executed and delivered upon an agreement with Bergen, that Bergen and his wife were to execute a new mortgage for the same amount, which. was to be executed immediately after the mortgage for the new loan of $12,500, and was to be left for record at the clerk's office at the same time as that mortgage, or immediately after. This satisfaction piece was filed with the clerk of Monmouth county, December 10th, 1869, and an entry of discharge made upon the record of the mortgage, as directed by the act of April 2d, 1869. The mortgage itself was never canceled by tearing off the seals or in any other way, nor has any receipt been written on it. The clerk, two years afterwards when the mortgage was sent for, having searches made by the complainant's solicitor, without authority, endorsed on it the words, " canceled by certificate, December 10th, 1869. T. K. Arrowsmith, clerk." The defendants executed a mortgage for the new loan on the 10th of De-

cember, 1869, which was recorded on the same day, but no new mortgage was made to the complainant. The complainant contends that his mortgage was wrongly and fraudulently canceled on the record, so far as the defendants are concerned, and that the same is, in his hands, a valid and subsisting encumbrance.

The defendants, in their answer, deny that when the satisfaction piece and bond were delivered to Bergen, or at any time, it was understood and agreed that it was merely for the purpose of enabling him to give a prior mortgage for the new loan, or that they were to execute a new mortgage to the complainant, and that the same was to be recorded together with or immediately after the mortgage for the new loan so that the security should be continued, and that the only effect of the transaction was to be that the mortgage for the new loan should have preference. The answer is, in this respect, responsive to the bill, and therefore requires to be overcome by more evidence than that of one witness.

The complainant and his book-keeper, G. H. Murphy, who, as both allege, were present at the transaction, testify explicitly that the bond and satisfaction piece were given to Bergen for the purpose, and on the understanding set forth in the bill. This proof is sufficient to overcome the effect given by law to the responsive answer. Bergen, in his testimony as in his answer, denies this. The question is, then, upon the weight of the testimony. The parties contradict each other, and one may be balanced against the other; and a third witness, not interested in the controversy, sustains the complainant. So far as the weight of evidence depends upon the number of witnesses, it is on the side of the complainant.

The circumstances also support the complainant. He entered into partnership with Bergen in the canning of tomatoes. Bergen was in debt, harassed by claims and judgments; and the notes which the complainant undertook to pay for him were given to discharge these claims. As he had no property to secure the complainant, his wife joined in a mortgage on her property to secure him. On the 6th of

December the complainant paid these notes, and it is in no wise probable that the complainant would, four days afterwards, give up and abandon the security which he held for the amount advanced, without consideration, for an insolvent. He might, when the security was abundant, postpone his mortgage to a permanent loan of a large amount.

The defendant, to rebut this presumption against his version of the affair, says that Dudley had in his hands sufficient of his part of the partnership assets to satisfy the amount due to him, and that he demanded the satisfaction of the mortgage as a right. This Dudley denies. And the defendant, in the course of his testimony, admits that he was mistaken in his calculation, and that there was not due to him sufficient to pay the mortgage debt, or more than half that debt. The complainant testifies that little or nothing was due to Bergen out of the profits of the partnership. It is clear from the testimony that there could not be sufficient to pay one-half of the mortgage, and it is therefore improbable that the complainant would have agreed to give up the security entirely.

When the cancellation of a mortgage is procured by fraud, or made by mistake, or without authority, and without actual payment and satisfaction, the canceling will be set aside and the mortgage enforced. *Miller* v. *Wack, Saxt.* 214; *Trenton Banking Co.* v. *Woodruff*, 1 *Green's Ch.* 117; *Lilly* v. *Quick, Ibid.* 97; *Banta* v. *Vreeland*, 2 *McCarter* 103; *Harrison* v. *Johnson*, 3 *C. E. Green* 420; *S. C.*, on appeal, 4 *C. E. Green* 488.

In this case the satisfaction piece was entrusted to the defendants, only to be used in a certain manner and to effect a certain purpose. He abused the confidence reposed in him, and used it for another purpose; for his own benefit and to the injury of the complainant. This is a fraud which will be remedied by a court of equity. No relief is asked against the mortagees under the new loan. So far as they were concerned, the satisfaction piece was rightfully used. Mrs. Bergen was no party to the fraud, but as against her all that

is asked is that the mortgage should remain in its original position. It is held by the complainant, untorn and uncanceled, and has never been satisfied in fact. The entry on the record is the only matter that can be affected by the decree in this case, and she has done nothing, or acquired no rights on the faith of that entry, by which any wrong can be done to her by declaring it of no effect.

The defendant, Bergen, claims that the mortgage is paid and satisfied by the balance due from Dudley to him by the profits of the partnership.

In a foreclosure suit no claims or debts against the complainant can be set off against the mortgage debt, except such as have been expressly agreed to be payment. 3 *Powell on Mort.* 945, and *note* 1 ; *White's Adm'rs* v. *Williams,* 2 *Green's Ch.* 376 ; *Dolman* v. *Cook,* 1 *McCarter* 56 ; *Bird* v. *Davis, Ibid.* 467.

There is nothing in this case that amounts to an agreement to appropriate any balance due on the partnership account to the payment of the mortgage debt.

These conclusions render it unnecessary for me to examine into the partnership accounts, and to determine whether any and what amount is due on them from the complainant to the defendant.

The complainant is entitled to a decree for the amount of principal and interest due on his mortgage, and to a sale of the mortgaged premises to make such amount.