**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1943-23

BOGOTA SAVINGS BANK, a
banking corporation of the State
of New Jersey,

     Plaintiff-Appellant,

v.

DAVID G. FEDERICI and
VALERIE S. FEDERICI,

     Defendants-Respondents.

_____

Argued October 29, 2024 – Decided November 27, 2024

Before Judges Gilson and Augostini.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-009364-23.

Bruce H. Dexter argued the cause for appellant (Dexter & Kilcoyne, attorneys; Bruce H. Dexter and Virginia Kilcoyne, on the briefs).

Mercedes Diego argued the cause for respondents (Cohn Lifland Pearlman Herrmann & Knopf, LLP,

attorneys; Mercedes Diego and Christina Stripp, on the brief).

PER CURIAM

Plaintiff Bogota Savings Bank appeals from a January 22, 2024[1] order dismissing its foreclosure complaint for failure to state a claim upon which relief could be granted. We affirm.

I.

We summarize the underlying facts in the record which are not in dispute. On May 11, 2012, plaintiff extended a home equity loan to defendants David G. Federici and Valerie S. Federici in the amount of $134,000.00. The loan was secured by a mortgage on their home in Ramsey, New Jersey (first mortgage). Mr. Federici owned Floor Town, Inc. (Floor Town). The mortgage payments on the loan were paid by Floor Town for the term of the loan.

The loan was paid in full. Upon receipt of the final mortgage payment, plaintiff prepared and recorded a discharge of the mortgage on January 29, 2018.

On February 2, 2018, Floor Town filed a Chapter 7 bankruptcy petition. Two years later, on January 30, 2020, the bankruptcy trustee filed an adversarial

---

[1] The order stated the date of January 22, 2023 which is an error. The correct date of the order is January 22, 2024.

A-1943-23

proceeding against plaintiff seeking a return of some of the mortgage payments made by Floor Town.

During the pendency of the bankruptcy proceeding, plaintiff extended another mortgage (second mortgage) to defendants in the amount of $97,000.00, also secured by defendants' home. On August 10, 2022, plaintiff and the bankruptcy trustee settled the claims by entering a consent order under which plaintiff agreed to pay $60,000.00 in full satisfaction of all claims against it.

The following year, on August 4, 2023, plaintiff filed a foreclosure complaint against defendants seeking to reinstate and then foreclose upon the first mortgage that was discharged on January 29, 2018. Plaintiff also sought to foreclose upon the second mortgage, asserting that defendants' default on the first mortgage caused a default on the second mortgage under the second mortgage's cross-default provision. The cross-default provision provided,

> DEFAULT: The note describes the acts that will constitute a default under this mortgage. Additionally, a default under any other mortgage covering the premises will constitute a default under this mortgage. If any default occurs, you can foreclose this mortgage. That means that you can arrange for the premises to be sold, as provided by law, in order to pay off what I owe you. If the money you receive from the sale is not enough to pay off what I owe you, I still owe you the difference.

A-1943-23

On October 13, 2023, defendants filed a motion to dismiss the foreclosure complaint with prejudice. Plaintiff filed a cross-motion seeking to amend the foreclosure complaint to add a count for breach of contract.

At oral argument on December 5, 2023, the court questioned whether a foreclosure action in the Chancery Division, rather than a case in the Law Division, was the appropriate avenue for the relief sought. The court reasoned that defendants' payment of the mortgage in full resulted in the discharge of the lien on the property. Once the lien is properly discharged, as the court further explained, evidence of the discharge constituted a valid defense to any subsequent foreclosure action. The court noted that plaintiff had other options, such as joining defendants to the preference action in the bankruptcy proceedings or moving to vacate the recorded discharge. Plaintiff did not pursue any of these other potential avenues of relief.

The court found that plaintiff sat on its rights by its delay in seeking recourse. The court also rejected plaintiff's argument that relief was warranted under the cross-default provision in the second mortgage. Thus, on January 22, 2024, the court issued an order dismissing plaintiff's foreclosure complaint with prejudice. This appeal followed.

A-1943-23

II.

We review de novo a court's ruling on a motion to dismiss for failure to state a claim under Rule 4:6-2(e). Watson v. N.J. Dep't of Treasury, 453 N.J. Super. 42, 47 (App. Div. 2017) (citing Castello v. Wohler, 446 N.J. Super. 1, 14 (App Div. 2016)); see also Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). "A reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107). A court must search the complaint thoroughly "'and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Ibid. (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "'[I]f the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed.'" Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107). A motion to dismiss under Rule 4:6-2(e) is limited to "the pleadings themselves." Dimitrakopoulos, 237 N.J. at 107 (quoting Roa v. Roa, 200 N.J. 555, 562 (2010)).

A-1943-23

"[A] dismissal with prejudice is 'mandated where the factual allegations are palpably insufficient to support a claim upon which relief can be granted,' or if 'discovery will not give rise to such a claim.'" Mac Prop. Grp. LLC & The Cake Boutique LLC v. Selective Fire & Cas. Ins. Co., 473 N.J. Super. 1, 17 (App. Div. 2022) (citations omitted), cert. denied sub nom. MAC Prop. Grp. LLC v. Selective Fire & Cas. Ins. Co., 252 N.J. 258 (2022), and cert. denied sub nom. MAC Prop. Grp. LLC – The Cake Boutique LLC v. Selective Fire & Cas. Ins. Co., 252 N.J. 261 (2022).

Plaintiff alleges the court erred in three ways: (1) in finding that it lacked standing; (2) in dismissing its complaint with prejudice; and (3) by finding that plaintiff was required to join defendants in the bankruptcy court preference action. Using the applicable standard, we review the dismissal of plaintiff's claims.

A.     Standing.

The court concluded that plaintiff lacked standing to bring a foreclosure complaint against defendants because the underlying debt had been fully satisfied and the mortgage was properly discharged. The court further held that the evidence of the discharge constituted a valid defense to any subsequent foreclosure action. We agree with the court's conclusions in this regard.

"'As a general proposition, a party seeking to foreclose a mortgage must own or control the underlying debt.'" Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (quoting Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 327-28 (Ch. Div. 2010)). "In the absence of a showing of such ownership or control, [a] plaintiff lacks standing to proceed with the foreclosure action and the complaint must be dismissed." Ibid. Ownership or control of a mortgage note is established when an entity is: "(1) the holder of the instrument, (2) a nonholder in possession of the instrument who has the rights of the holder, or (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to [N.J.S.A.] 12A:3-309 or subsection (d) of [N.J.S.A.] 12A:3-418." Ibid. (quoting N.J.S.A. 12A:3-301).

Plaintiff fails to satisfy any of the three criteria to establish ownership or control of the mortgage note because it was cancelled in 2018. Plaintiff is attempting to revive the former lien on defendant's property that had been discharged due to satisfaction of the lien. Plaintiff has not established any basis under the law to reinstate the mortgage.

B.    Dismissal of Foreclosure Complaint.

Plaintiff contends the central issue in this case is whether a mortgage that has been cancelled under mistaken belief that it was paid in full should be

7

reinstated. Generally, once a mortgage is discharged, it cannot be revived. Atl. Seaboard Co. v. Borough of Seaside Park, 36 N.J. Super. 142, 154 (App. Div. 1955). "A revival of a mortgage once paid is tantamount to executing a new mortgage, and once satisfied, a mortgage may not be revived without the authorization of the obligor . . . . " McCarthy v. Schwalje, 234 N.J. Super. 396, 399 (Ch. Div. 1988) (citing First Federal v. Fink, 99 N.J. Super. 76 (Ch. Div. 1968)). There are limited exceptions to this principle. Plaintiff argues that one of these limited exceptions, namely, mistake, justifies reinstating the mortgage in this case.

However, the mortgage on defendants' property was properly discharged upon full payment of the loan. It was not discharged believing it had been paid in full, when it had not. Plaintiff's voluntary decision to settle the preference action and remit the sum of $60,000.00 to the bankruptcy trustee occurred more than four years after the mortgage had been fully satisfied. Thus, no error had occurred causing the mistaken discharge of the mortgage. Instead, the record establishes that plaintiff correctly discharged the mortgage because the underlying loan had been paid in full.

Plaintiff cites to Dudley v. Bergen, 23 N.J. Eq. 397, 400 (Ch. 1873) in support of the court's authority to revive a lien on property. However, the court's

8

authority to revive a mortgage is limited to those situations where the cancellation "is procured by fraud, or made by mistake, or without authority, and without actual payment and satisfaction . . . ." Ibid. In this instance, cancellation of the mortgage did not occur under any of these limited circumstances. There was no evidence of fraud or illegality involved with the discharge of this mortgage. Nor does plaintiff contend it was without authority to discharge the mortgage in 2018. The mortgage was discharged because plaintiff received all payments due in full satisfaction of the debt. Based upon our de novo review, there is no evidence of mistake, fraud or lack of authority upon which to reinstate the first mortgage.

C.    Equitable Claims.

Plaintiff asserts the court failed to consider its claims for equitable estoppel and unjust enrichment. Plaintiff argues that defendant's conduct in using Floor Town funds to make the monthly mortgage payments misled plaintiff into believing the note was paid in full, and plaintiff, to its detriment, relied on those payments. This argument is without merit.

Equitable estoppel may form a basis for relief when there is "conduct, either express or implied, which reasonably misleads another to his prejudice so

A-1943-23

that a repudiation of such conduct would be unjust in the eyes of the law." Segal v. Lynch, 211 N.J. 230, 254 (2012) (citations omitted).

Plaintiff received monthly payments from Floor Town and accepted those payments to pay down the debt. Not only did plaintiff accept these funds from Floor Town, but while the bankruptcy proceeding was pending, plaintiff extended a second mortgage to defendants. Plaintiff was not misled by this conduct and provides no facts to support this argument.

Relatedly, "[t]o establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554 (1994) (internal citations omitted). Defendants were not unjustly enriched. Defendants received the loan from plaintiff and the loan was repaid.

Moreover, "[t]he doctrine of laches 'is invoked to deny a party enforcement of a known right when the party engages in an inexcusable and unexplained delay in exercising that right to the prejudice of the other party.'" U.S. v. Scurry, 193 N.J. 492, 503 (2008) (citing Knorr v. Smeal, 178 N.J. 169, 180-81 (2003)). Laches has been defined as an "unexplainable and inexcusable delay in enforcing a known right whereby prejudice has resulted to the other party because of such delay." County of Morris v. Fauver, 153 N.J. 80, 105

(1998) (quoting <u>Dorchester Manor v. Borough of New Milford</u>, 287 N.J. Super. 163, 171 (App. Div. 1994)).

As the trial court aptly noted, the first mortgage was discharged over five years ago; the preference action was filed approximately four years ago and settled over two years ago; and during the preference litigation, approximately two years ago, plaintiff issued defendants a new, unrelated mortgage. Plaintiff offered no explanation as to why it "sat on its rights."

Based on our de novo review, these equitable claims are without merit, and moreover, the doctrine of laches justifies barring these claims. Furthermore, without standing to pursue a foreclosure complaint, these claims would not survive a motion to dismiss.

D. Plaintiff's Cross-collateralization Claim.

Plaintiff's cross-collateralization or cross-default claim rests on the terms of the second mortgage, which provides "a default under any other mortgage covering the premises will constitute a default under this mortgage." Plaintiff argues that a default under the first mortgage constitutes a default under the second mortgage. However, because the first mortgage was fully satisfied and discharged by plaintiff, this cross-collateralization provision is inapplicable.

Thus, the court properly concluded that cross-collateralization could not have occurred because the first mortgage had already been discharged. Moreover, the court also correctly noted that the second mortgage does not mention or incorporate the first mortgage and cannot provide plaintiff standing.

E.      Bankruptcy Court Preference Action.

Plaintiff next contends the court erred in finding it was plaintiff's responsibility to join defendants in the bankruptcy preference action. Plaintiff argues that as a matter of law, the bankruptcy court did not have subject matter jurisdiction and therefore could not address the claims between plaintiff and defendants. We need not address this issue because whatever could or might have happened in the bankruptcy court did not give plaintiff grounds to reinstate the discharged mortgage.

F.      Plaintiff's Motion to Amend the Complaint.

Plaintiff asserts the court erred in not permitting it to amend its complaint to add a breach of contract claim. The court denied this request as futile after it dismissed plaintiff's foreclosure complaint for lack of standing.

We recognize that motions to amend a complaint prior to a responsive pleading being filed should be liberally granted. R. 4:9-1. Nonetheless, "the analysis is not complete until the requested amendment is examined to determine

whether it is futile" and "not sustainable as a matter of law." Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006) (quoting Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 256-57 (App. Div. 1997)).  Consistent with the Court's decision in Notte, the court here properly concluded that there would be no point to permitting the amendment when the amended pleading in total would be dismissed for lack of standing.  Ibid.  Thus, we discern no error in the court's denial of the amendment.

To the extent we have not addressed any of plaintiff's remaining arguments, we deem them to be without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1943-23